```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
UNITED STATES OF AMERICA,          :
                                    :
            -against-               :              92 Cr. 620 (CSH)
                                    :
ERIC PAYNE,                         :              MEMORANDUM OPINION
                                    :                   AND ORDER
            Defendant.              :
-------------------------------------------------------------- x
```

HAIGHT, Senior District Judge:

Eric Payne has filed a *pro se* motion to expunge his criminal convictions. On November 6, 1992, Payne was convicted on two counts: (1) participating in a narcotics conspiracy, in violation of 21 U.S.C. § 846, and (2) distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. On October 19, 1994, Payne was sentenced to 210 months of imprisonment. He was released from this sentence on November 6, 2007, but is apparently now being held in immigration custody.

Payne submitted his motion, which he characterized as a "Motion to Expunge Criminal Conviction Under Federal First Offender Statute," in a letter to the Court dated March 1, 2008. In response to the Court's inquiry, Federal Defenders of New York submitted a letter to the Court dated April 22, 2008. On April 23, 2008, the United States Attorney's Office for the Southern District of New York submitted a letter to the Court in response to Payne's application and the letter from the Federal Defenders of New York. Payne submitted an additional letter to the Court, dated April 25, 2008, in support of his motion. The matter is ripe for decision.

Payne's present motion papers raise several issues: (1) the recent amendments to the United States Sentencing Guidelines for crack cocaine offenses, (2) the Federal First Offender Statute, and (3) the Court's equitable power to expunge a conviction under "extreme circumstances."

1. **Amendments to Crack Cocaine Guidelines**

The recent amendments to the Sentencing Guidelines for crack cocaine offenses do not apply to Payne because he has finished serving his federal sentence. Under 18 U.S.C. § 3582(c)(2), a court may reduce a term of imprisonment after an applicable sentencing range has been lowered, but such reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10 of the Sentencing Guidelines, which sets forth the Sentencing Commission's policy statement regarding sentence reduction based on retroactive amendments to the guidelines, only permits such reductions "[i]n a case in which a defendant *is serving* a term of imprisonment." U.S.S.G. § 1B1.10(a)(1) (emphasis added). Because Payne finished serving his federal sentence on November 6, 2007, he is not eligible for a reduction based on the amendments to the sentencing guidelines for crack cocaine offenses.

2. **The Federal First Offender Statute**

Payne's motion also seeks relief under the Federal First Offender Statute. Payne appears to be referring to 18 U.S.C. § 3607, which sets forth special probation and expungement procedures for certain first-time narcotics offenders.[1] The Ninth Circuit has explained:

> To qualify for first offender treatment under federal law, a person must show that (1) he has been found guilty of simple possession of a controlled substance, an offense described in section 21 U.S.C. § 844; (2) he has not, prior to the commission of such offense, been convicted of violating a federal or state law relating to controlled substances; (3) he has not previously been accorded first offender treatment under any law; and (4) the court has entered

---

[1] The Federal First Offender Statute was initially codified at 21 U.S.C. § 844(b), which allowed certain first-time narcotics offenders to avoid entry of judgment and to obtain expungement of criminal records upon successful completion of probation. Congress repealed this provision in 1984, but promulgated a successor provision, 18 U.S.C. § 3607, which essentially carried forward the same policy. *See Paredes-Urrestarazu v. INS,* 36 F.3d 801, 810-11 (9th Cir. 1994).

> an order pursuant to a state rehabilitative statute under which the criminal
> proceedings have been deferred pending successful completion of probation
> or the proceedings have been or will be dismissed after probation.

*Cardenas-Uriarte v. INS*, 227 F.3d 1132, 1136 (9th Cir. 2000). The special procedures in 18 U.S.C. § 3607 only apply to offenders found guilty of simple possession of a controlled substance under 18 U.S.C. § 844. As noted above, Payne was convicted of: (1) participating in a narcotics conspiracy, in violation of 21 U.S.C. § 846, and (2) distributing and possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. In addition, the Court did not enter any order pursuant to a state rehabilitative statute under which the criminal proceedings were deferred pending successful completion of probation; nor were the proceedings dismissed after probation. Therefore, Payne is clearly not eligible for any relief pursuant to 18 U.S.C. § 3607.

      **3.    Equitable Discretion to Expunge Criminal Records**

Payne also requests that the Court exercise its equitable discretion to expunge his convictions. In *United States v. Schnitzer*, 567 F.2d 536 (2d Cir. 1977), the Second Circuit held that "expungement [of criminal records] lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.'" *Id.* at 539. The court stated that "courts must be cognizant that the power to expunge is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *Id.* at 539-40 (quotations and citations omitted). This standard was "developed principally, if not exclusively, to deal with expungement requests concerning records of arrests that did not lead to valid convictions," and such equitable expungement has generally been "limited to cases involving a charge that was later determined to be meritless or that was never adjudicated, or where there is

proof of government misconduct, or where the law is declared invalid." *United States v. Morelli*, 1999 WL 459784, at *1, *2 (S.D.N.Y. June 30, 1999).

Payne does not challenge the validity of his conviction, but contends that "extreme circumstances" exist in this case because his conviction could result in his deportation from the United States, which would impose a hardship on him and his family. Payne also states that he served a severe sentence (in light of the recent amendments to the sentencing guidelines for crack cocaine offenses), that he is a first-time offender convicted of a non-violent drug crime, and that he has been rehabilitated during his incarceration. I fully understand the hardships that would be suffered by Payne and his family if Payne is deported. In addition, there is no reason to question Payne's claim of rehabilitation and I commend him for it. Nonetheless, I am constrained to conclude that the grounds asserted by Payne fall well short of the "extreme circumstances" as described by the cases that are required to justify expungement of his criminal convictions, particularly where the validity of those underlying convictions is unchallenged.

For these reasons, Payne's application is denied in its entirety.

It is SO ORDERED.

Dated: New York, New York
May 13, 2008

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4